53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kelly CORNEJO, Petitioner-Appellant,
v.
James GOMEZ, Director; Attorney General for the State of
California, Respondents-Appellees.
 No. 94-55381.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1995.
Decided April 20, 1995.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kelly Cornejo ("Cornejo"), a state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus relief. Cornejo was convicted for second degree murder and assault with a deadly weapon under California state law. He was sentenced to prison for 16 years to life. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We affirm.
 
 
 3
 Cornejo contends that he was forced unconstitutionally to stand trial, alleging that: (1) he was incompetent at the time of trial and conviction, (2) he was deprived of effective assistance of counsel because his attorney did not request a competency hearing, and (3) the trial court did not sua sponte order a competency hearing.
 
 
 4
 An evidentiary hearing was conducted by a magistrate judge who issued a report and recommendation rejecting all of Cornejo's claims. The district court adopted the report and recommendation.
 
 
 5
 A claim of ineffective assistance of counsel presents "mixed questions of fact and law," and we review de novo. A district court's finding and its adoption of the findings of a magistrate judge are reviewed under the clearly erroneous standard prescribed by Fed. R. Civ. P. 52(a). Sanders v. Ratelle, 21 F.3d 1446, 1451-52 (9th Cir. 1994).
 
 
 6
 (1) Cornejo has not established his incompetency at the time of trial. Thus, Cornejo has not established, for purposes of challenging his conviction under habeas corpus, a violation of the constitutional due process requirement that a defendant be competent to stand trial. Hernandez v. Ylst, 930 F.2d 714, 716 n.2 (9th Cir. 1991).
 
 
 7
 (2) In order to prove ineffective assistance of counsel, Cornejo must show that his attorney's behavior fell below reasonable, professional standards and that he was actually prejudiced by that behavior or that such behavior rendered the result of the trial unreliable or fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687 (1984) and Lockhart v. Fretwell, U.S. , 113 S. Ct. 838, 844 (1993).
 
 
 8
 Cornejo presented evidence aimed at establishing that his attorney was constitutionally ineffective by failing to request a competency hearing. This included evidence of notice to the attorney from Cornejo's physician months before trial that Cornejo would be competent provided he continued on his medication; notice some time prior to trial of Cornejo's failure to continue medical treatment; and notice from Cornejo's family and friends that Cornejo was acting withdrawn and unusual.
 
 
 9
 In Hernandez, we held that "[w]hile the opinion of [defense] counsel certainly is not determinative, a defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings." 930 F.2d at 714. We conclude that defense attorney Cheroske was not unreasonable in his belief that Cornejo was competent. Cornejo has failed to show that his attorney was unreasonable in failing to request a competency hearing.
 
 
 10
 Further, given the weakness of Cornejo's evidence of incompetency to stand trial, and the inference of competency which can be drawn from the state court record, we conclude that Cornejo has not presented a sufficient showing under either Strickland or Lockhart that he has been prejudiced or the verdict rendered unfair or unreliable.
 
 
 11
 3) We consider "'whether a reasonable judge ... should have experienced doubt with respect to competency to stand trial."' Hernandez, 930 F.2d at 716 (citing De Kaplany v. Enomoto, 540 F.2d 975, 983 (9th Cir. 1976). We conclude that Cornejo's argument that the trial judge should have had a "substantial" or "bona fide" doubt concerning Cornejo's competency to stand trial is meritless. Cornejo's defense focused only on his mental unconsciousness at the time of the crime, and did not bring into issue any mental deficiency sufficient to raise doubts about his competency at the time of trial. The court had no obligation to order a competency hearing. Hernandez, 930 F.2d at 716.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except pursuant to 9th Cir. R. 36-3